

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2001

# Bass v. Butler

Precedential or Non-Precedential:

Docket 00-1860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Bass v. Butler" (2001). *2001 Decisions*. Paper 149.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 9, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1860

DIANNE L. BASS, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,
Appellant

v.

JOHNNY BUTLER, SECRETARY OF
LABOR AND INDUSTRY FOR THE
COMMONWEALTH OF PENNSYLVANIA; RICHARD A.
HIMLER, DIRECTOR OF THE PENNSYLVANIA BUREAU
OF WORKERS' COMPENSATION; COMMONWEALTH OF
PENNSYLVANIA, THROUGH D. MICHAEL FISHER,
ATTORNEY GENERAL, IN HIS OFFICIAL CAPACITY

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 98-cv-4112
District Judge: Honorable Charles R. Weiner

Argued: January 23, 2001

Before: NYGAARD, ALITO, and ROSENN,
Circuit Judges.

(Filed: July 9, 2001)

For the Appellant:
  Michael H. Landis, Esquire
    (Argued)
  Ronald J. Smolow, Esquire
  Smolow & Landis
  204 Two Neshaminy Interplex
  Trevose, PA 19053

  For the Appellees:
  Claudia M. Tesoro, Esquire
    (Argued)
  Office of the Attorney General
  21 South 12th Street, 3rd Floor
  Philadelphia, PA 19107-3603

OPINION OF THE COURT

ROSENN, Circuit Judge.

Dianne Bass ("Bass"), alleging that the Pennsylvania Workers Compensation system denied her benefits through unconstitutional procedures, filed this federal class action against the Commonwealth of Pennsylvania and two of its officials. Bass complained that the Pennsylvania Bureau of Workers Compensation denied her claim without notice that her case was reassigned to, and decided by, workers compensation judges ("WCJs") who were neither present nor presiding when her witnesses testified. Bass also complained that the Pennsylvania statute allowing WCJs to make credibility determinations and ultimate decisions without hearing any witness testimony permitted the taking of property without Due Process of law. 1 Bass sought

_____

1. The statute in question is referr ed to as "Section 415 of the Workers Compensation Act," and states:

  Transfer of petition to another refer ee.

  At any time before an award or disallowance of compensation or order has been made by a referee to whom a petition has been assigned, the department may order such petition heard before any other referee. Unless the department shall otherwise order, the testimony taken before the original refer ee shall be considered as though taken before the substituted refer ee.

  77 P.S. S 851 ("Section 415").

2

declaratory and injunctive relief, costs, and attorneys fees, but no damages.

The District Court, dismissing Bass's action without prejudice, abstained in deference to appellate proceedings in the Pennsylvania courts. Bass filed a motion for reconsideration, which the District Court denied. Since the District Court's order of dismissal and denial of reconsideration, Bass has unsuccessfully exhausted her state court remedies. Bass appealed from the order denying reconsideration. We will vacate the or der of dismissal and remand the action for further proceedings.

I.

The first filed action was Bass's state court claim for workers compensation benefits. She filed her federal action approximately six years later. T iming is critical in this action, so important dates will be stated. None of the facts are contested by the parties.

A. The Pennsylvania Action

Bass filed a workers compensation claim petition on November 30, 1992, alleging that she sustained a workplace injury on December 20, 1990; she later amended the date of injury to January 8, 1991. The parties bifurcated the issue of whether Bass sustained her injury in the scope of her employment. On October 28, 1994, Workers Compensation Judge ("WCJ") Car ol Mickey held that Bass was injured within the scope of her employment. Before deciding the balance of Bass's case, WCJ Mickey resigned, and Bass's case was transferr ed to WCJ Peter Perry. WCJ Perry received additional testimony and evidence but, before closing the recor d, he transferred the case to WCJ Michael Rosen. Bass was never notified of the transfer to WCJ Rosen, as required by Pennsylvania law.

After more than five and one-half years had elapsed since filing her claim, two judges who had never hear d the claimant or all of her witnesses jointly signed a decision on August 8, 1996, denying Bass's claim. The Workers Compensation Appeal Board ("Appeal Boar d") affirmed. Bass appealed, arguing, inter alia, that she was denied due

3

process by the participation of WCJ Rosen. The Commonwealth Court vacated the Appeal Board's order and remanded to allow Bass to establish prejudice arising from the assignment of her claim to WCJ Rosen without notice. See Appx. 325a ("Commonwealth Court's First Opinion"). The Appeal Board, after considering oral ar gument and briefs, concluded that Bass failed to establish pr ejudice. See Appx. 83a, 155a. The Appeal Board r einstated the August 8, 1996 order denying relief. On February 18, 2000, the Commonwealth Court affirmed the Appeal Board, stating:

> In Bass' [sic] first appeal to this court, we addressed her challenge to the assignment of WCJ Rosen without prior notice to her. . . . At that time, Bass received the appropriate relief in the form of a remand for a determination of whether the assignment to WCJ Rosen without . . . prior notice . . . resulted in prejudice. . . . As the Board noted, on r emand Bass failed to make any showing of prejudice but simply argued that substitution is inherently pr ejudicial. . . .
>
> . . . Bass cannot now assert for the first time that Section 415 of the Workers' Compensation Act is unconstitutional. By her failure to challenge the constitutionality of Section 415 in her first appeal to this court and failure to notify the Attor ney General of a facial attack on the statute, Bass has waived this issue. . . . In any case, . . . the participation of WCJ Rosen did not deprive Bass of a fair adjudication by a qualified fact-finder.

Appx. 156a–159a ("Commonwealth Court's Second Opinion"). The Court concluded that even though her facial challenge was procedurally barred, Section 415 was constitutional. See Appx. 159a. The Commonwealth Court also rejected Bass's claim that she was entitled to discovery to create an evidentiary record in support of her claim of actual prejudice. The Court reasoned that Bass was not entitled to inquire into the deliberations of the tribunals that decided her case. See Appx. 159a.

The Pennsylvania Supreme Court denied Bass's petition for allocatur.

4

B. The Federal Action

Bass brought her federal action under 42 U.S.C.S 1983 against the Director of the Pennsylvania Bur eau of Workers Compensation, the Secretary of Labor and Industry for the Commonwealth of Pennvylvania, and the Commonwealth of Pennsylvania. None of these defendants were parties to her workers compensation action in the state proceedings. Johnny Butler and Richard Himler, the Secretary of Labor and Director of the Pennsylvania Bureau of Workers Compensation respectively, twice moved to dismiss without success; they later answered the complaint. In a Memorandum and Order on April 30, 1999, the District Court held that Bass pleaded a protected pr operty interest, and that Younger and Colorado River abstention were inappropriate because the workers compensation proceedings were still in the administrative courts, which had no authority to decide constitutional issues. See Appx. 173a-175a.

The District Court held hearings on August 30 and September 7, 1999. WCJs Peter Perry and Michael Rosen testified about their roles in Bass's workers compensation case. WCJs Perry and Rosen testified that they had jointly authored the decision denying Bass's benefits, although WCJ Mickey had heard most of the live testimony.

On January 6, 2000, the District Court directed the parties to file dispositive motions; the parties complied. On February 3, 2000, the District Court entered an order stating that:

> [T]he interests of comity would best be served by allowing the Pennsylvania courts (in which [Bass] currently has an action similar to action sub judice pending before the Commonwealth Court) . . . tofirst adjudicate [Bass's claim that her due process rights were denied because her case was not decided by a WCJ who actually heard the case and observed the witnesses and to determine] the constitutionality of Section 415 . . . .

Appx. 271a. The District Court dismissed Bass's case without prejudice to her "reinstating the suit after all appeals are exhausted in the Pennsylvania state courts."

5

Appx. 271-72. Days later, the Commonwealth Court decided Bass's second appeal adversely to her . She moved the District Court for reconsideration. On May 18, 2000, the District Court denied the motion for reconsideration, and ordered that it would continue to abstain because Bass had not exhausted all of her appeals in the Pennsylvania courts, and because "the decision of the Commonwealth Court which rejected plaintiff's due pr ocess claims and upheld the constitutionality of [Section 415] is res judicata on this court." Appx. 284. The District Court cited Younger v. Harris, 401 U.S. 37 (1971) and Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976), but performed no further abstention analysis. See Appx. 283a. The District Court explained that Bass's only further recourse was to appeal her state action to the Pennsylvania and United States Supreme Courts. See Appx. 284a.

II.

Bass's compensation claim has now run the course of Pennsylvania's judicial system, from the workers compensation process to the Pennsylvania Supr eme Court. After the District Court entered its final or der, the Pennsylvania Supreme Court denied allocatur; there are no longer pending state proceedings. Cf. Melvin v. Nickolopoulos, 864 F.2d 301, 305 (3d Cir . 1988) ("[W]e sometimes take judicial notice of subsequent developments not part of the district court record.") (citing Landy v. Federal Deposit Ins. Corp., 486 F.2d 139, 151 (3d Cir. 1973), cert. denied, 416 U.S. 960 (1974)). Hence, abstention is now inapplicable because it provides for federal deference to ongoing, not completed, parallel state pr oceedings. See Younger v. Harris, 401 U.S. 37 (1971); Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976); Guarino v. Larsen, 11 F.3d 1151, 1157, 1157 n.1 (3d Cir. 1993). As the District Court contemplated (see order of February 3, 2000), Bass may now resume her federal action. The primary basis of Bass's appeal -- that abstention was inappropriate -- is moot. Ther efore, vacatur and remand is appropriate. See Davis v. Rendell, 659 F.2d 374, 376 (3d Cir. 1981) ("[T]he issues raised as to the procedure followed by the district court in ruling on the

6

abstention claim and the correctness of that ruling itself are concededly moot, and a remand would appear to be appropriate"); see also Melvin, 864 F.2d at 305 ("[W]e do not think it would be appropriate for us to simply notice the subsequent action of the New Jersey court and then decide the preclusion issue.")

The District Court did not proceed beyond abstention in considering this case,[2] but the defendants on appeal raised serious questions, asserting that the Commonwealth Court's decisions are inextricably intertwined with Bass's attempted federal court Constitutional challenges to Section 415. Therefore, they contend that her challenges to the workers compensation law is barred by the Rooker-Feldman doctrine. The defendants also assert complicated questions pertaining to claim and issue preclusion, even though the defendants in the federal action appear to dif fer somewhat from those in the state action. See Chur chill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir . 1999) (claim preclusion requires party identity or privity). Each of these defenses are vigorously contested by the plaintiffs. In the procedural posture of the case then befor e the able and experienced District Court, it did not have the benefit of oral argument, briefs of the parties, and the opportunity to decide these complex issues. Additionally, we ar e concerned with class certification and the justiciability of the class claims, which the District Court judiciously held in abeyance.

Under the facts and posture of the case, we believe it appropriate for the District Court to deter mine in the first instance the threshold issues, including jurisdiction, preclusion, and class certification. Of course, if Bass passes the threshold, she will be entitled to full judicial process on the merits. The prudential value of having the benefit of District Court consideration and analysis outweighs the

_____

2. The District Court mentioned res judicata in its final order, but the comment was dicta and was unsupported by any rationale. In this case, res judicata is a difficult question r equiring substantial analysis if the District Court reaches it on remand. The District Court would not reach it should the Court conclude that the Rooker –Feldman doctrine divests it of subject matter jurisdiction.

7

judicial economy of having this Court dispose of these issues now.3

Ordinarily, we would dismiss this appeal because a stay like the one entered by the District Court her e usually is not a final order for purposes of 28 U.S.C.S 1291. However, because of the inordinate time consumed by this litigation in the state and federal courts, and the District Court's order dismissing without prejudice to r einstatement of the litigation after exhaustion of remedies in the state courts, we will remand the case to the District Court. 4

III.

The Order of the District Court will be vacated, and the case remanded for further proceedings consistent with this opinion. Costs taxed against the appellees.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

3. We make no judgment whether the District Court committed legal error by abstaining. We base our decision on undisputed events occurring after the District Court entered itsfinal order.

4. Our disposition has the same practical ef fect as dismissing the appeal,
and leaves Bass in the same position as if she r e-filed her action in federal court following the Pennsylvania courts' disposition of her state claims. There being "no unyielding jurisdictional hierarchy," Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999), we are within our power to decide the jurisdictional issue of mootness befor e reaching the much more complicated issue of whether we have appellate jurisdiction. Cf. Steel Co. v. Citizens for Better Environ., 523 U.S. 83, 101 n.3 (1998) (tacitly affirming the practice of deciding Younger abstention issues before determining whether there is a case or controversy). Judge Alito would dismiss the appeal.

8